## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

MILAGROSA MARIA RODRIGUEZ PALOMERA

     Plaintiff,

v.

DEMETECH CORPORATION, a Florida Profit Corporation

     Defendant.

_____/

### <u>COMPLAINT</u>

     Plaintiff MILAGROSA MARIA RODRIGUEZ PALOMERA, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues defendant DEMETECH CORPORATION, (hereinafter, "Defendant"), a Florida Profit Corporation, and says:

### <u>JURISDICTION AND VENUE</u>

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, the Families First Coronavirus Response Act - Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. *§ 5102, et. seq.* (2020), (hereafter "the FFCRA," "EPSLA," or "the Act"), the Florida Minimum Wage Act, (hereinafter "FMWA") and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter, "FLSA").

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

3.  The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Miami, Florida.

**PARTIES**

5.  Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6.  Plaintiff is a Cuban female and is a member of a class protected under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act because the terms, conditions, and privileges of her employment were altered because of her gender and/or national origin.

7.  Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Florida and authorized to do business in Florida. Specifically, Plaintiff worked at Defendant's corporate headquarters located in Miami Lakes, Florida. All facts which give rise to this complaint occurred in Miami, Florida.

8.  Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9.  Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Specifically, Defendant is part of the Medical Equipment and Supplies Manufacturing Industry with a corporate headquarters located in Miami, Florida,  and with office facilities stemming throughout North America, South America, Asia, the Middle East, and Europe.

11. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

12. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

14. Plaintiff's Charge was filed on or about December 15, 2020. The actions complained of herein occurred no more than 300 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.

15. Plaintiff was terminated from her position on September 16, 2020. Her Charge was therefore timely filed.

16. Plaintiff was issued a Notice of Right to Sue on August 27, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

17. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

18. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

19. Plaintiff worked for Defendant from on or about 2016 through on or about September 16, 2020 in the production and shipping department.

20. From the outset, Plaintiff was subjected to discriminatory treatment from the management team who gave preferential treatment to Venezuelan and male employees in virtually all respects of the work environment.

21. Specifically, Venezuelan employees had better work opportunities regarding salary and recognition for their work and were not subjected to disparaging comments by manager Mr. Luis Lozada (Venezuelan) and Human Resources supervisor Miriam Guillen (Venezuelan).

22. On several occasions, Lozada and Guillen would make discriminatory and derogatory comments about Cubans such as calling Cubans lazy and not productive.

23. Guillen also refused to assist Plaintiff in her HR issues or questions in a manner consistent with how she treated her Venezuelan male counterparts.

24. During her tenure, Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues.

25. On or about April 6, 2020, Plaintiff notified Defendant that she was unable to work due to a bona fide need for leave to care for her child whose school was closed or unavailable for reasons related to COVID-19 and requested leave in accordance with the FFCRA.

26. After receiving express notice of Plaintiff's inability to work due, Defendant was required under the Act to provide Plaintiff paid sick leave through June 26, 2020.

27. However, Defendant advised Plaintiff that she was required to come back to work no later than June 15, 2020.

28. On or about June 15, 2020, Plaintiff's returned to work. Upon her return, Defendant's treatment towards Plaintiff got worse.

29. Specifically, on or about July 2020 Plaintiff went out on vacation which had been approved since February 2020. Upon her return she noticed she had not been compensated for her vacation time.

30. Plaintiff requested a meeting with Guillen. During that meeting, she brought up her unpaid vacation time. Guillen assured Plaintiff the oversight would be corrected and Plaintiff would be paid later. However, the issue was never resolved.

31. On or about September 9, 2020, Plaintiff contacted the Human Resources department to update her new bank information to ensure there were no issues for the upcoming pay period. Plaintiff did not receive a response to the inquiry.

32. Plaintiff made several inquiries and follow ups to ensure the information was processed. Plaintiff contacted Miriam Guillen, from the human resources department and her supervisor Maria Luisa Herrera. However, Plaintiff's inquiries were not addressed. However, Guillen would always promptly address any questions or concerns of similarly situated Venezuelan employees.

33. On or about September 18, 2020, Plaintiff did not receive her paycheck for the pay period of September 6, 2020-September 12, 2020, during which she worked three (3) days and had (2) days as vacation time.

34. As a result of Defendant's failure, Plaintiff has not been paid the minimum applicable hourly wage rate as set forth under state and federal law for some of the hours worked during her employment.

35. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

36. On September 18, 2021, Plaintiff complained to her supervisor and to Ms. Guillen in HR regarding Defendant's failure to compensate her for the hours worked during that pay period and Plaintiff also complained about the way Guillen spoke to and the preferential treatment of similarly situated Venezuelan male employees.

37. However, Defendant did not cure the deficiency. Rather, at the end of the day, Plaintiff was summoned to HR by Ms. Guillen and terminated because she complained about not receiving her wages on the day, they were due.

38. Prior to her termination, Plaintiff was not previously disciplined nor was advised that of her risk of termination.

39. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

40. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's gender, national origin, complaints of discrimination, and/or request for leave under the Act were motivating factor(s) in the decision for the adverse employment action(s).

41. Defendant acted with intentional disregard for Plaintiff's rights under Title VII, FCRA, the FLSA and the FFCRA.

42. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

43. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/UNPAID WAGES

44. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 43 of this complaint as if set out in full herein.

45. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

46. At all times during her employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

47. Defendant has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due, resulting in the payment of less than the required minimum hourly wage to the Plaintiff.

48. Defendant knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

7

49. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

50. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

51. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

52. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

53. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FMWA

54. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 43 of this complaint as if set out in full herein.

55. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for

unpaid wages.

56. Defendant failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during her employment with Defendant as alleged above.

57. Plaintiff sent a written demand for these payments dated January 11, 2021. Defendant has failed to make any payments in accord with that demand.

58. As a direct result of Defendant's failure to pay Plaintiff, he has been damaged by not receiving wages due to her for work he performed.

59. Because this is an action for unpaid wages, Plaintiff demands payment of her attorney's fees under Florida Statutes § 448.08.

WHEREFORE, Plaintiff requests judgment as follows against Defendant:

    A.  Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

    B.  Liquidated damages;

    C.  Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

    D.  Such other and further relief as the court deems proper.

## COUNT III
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON GENDER)

60. Plaintiff re-avers and re-states paragraphs 1–43 above, as though the same were fully re-written herein, and says:

61. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her gender, female.

62. Plaintiff is a member of a protected class, to wit, female.

63. Plaintiff was qualified for her position and the benefits of the same in that she had worked for Defendant for more than 4 years without a negative review.

64. Despite being well-qualified for her position, Plaintiff was denied her vacation time and was terminated on or about September 18, 2020.

65. Plaintiff's termination and prior denial of her vacation benefit constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

66. Defendant, by and through Guillen, did not treat Plaintiff the same as other male employees in that Plaintiff provided with the same employment work opportunities and was subject to discriminatory practices.

67. Plaintiff's gender was, at minimum, a motivating factor in Defendant's decision to subject her to disparate treatment up to and including her termination.

68. Lozada and/or Guillen at all times relevant to this action, acted on behalf of Defendant and acted within the scope of their duties.

69. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

70. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Lozada, Guillen and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

   WHEREFORE, Plaintiff requests that:

10

A.   The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B.   The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT IV:
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON NATIONAL ORIGIN)

71.  Plaintiff re-avers and re-states paragraphs 1–43, above, as though the same were fully re-written herein, and says:

72.  Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was, inter alia, subject to disparate treatment and terminated because of her national origin, Cuban.

73.  Plaintiff is a member of a protected class because, though she is Hispanic, the terms and conditions of her employment were altered because she was not of the same National Origin as Guillen and/or Lozada.

74.  Guillen, with apparent authority from Defendant, terminated Plaintiff, though Plaintiff was never disciplined or otherwise advised of such deficiencies.

75.  Further, Guillen  frequently spoke negatively about Cubans having poor work ethic.

76. Plaintiff's national origin was, at minimum a motivating factor for Defendant's decision to terminate based on Guillen's actions.

77. Defendant did not treat other non-Cubans in this manner.

78. Guillen and Lozada at all times relevant to this action, acted on behalf of Defendant, and acted within the scope of their duties.

79. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

80. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Guillen and Lozada and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT V:**</u>
<u>**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**</u>
<u>**(DISCRIMINATION BASED ON GENDER)**</u>

81. Plaintiff re-avers and re-states paragraphs 1–43 above, as though the same were fully re-written herein, and says:

82. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her gender, Female.

83. Defendant, by and through her supervisors, subjected Plaintiff to disparate treatment as alleged above.

84. Defendant, by and through Ms. Guillen and Lozada, did not treat Plaintiff the same as other male employees in that Plaintiff was not given the same work opportunities and was subject to discriminatory practices as alleged above.

85. Plaintiff's gender was, at minimum, a motivating factor in Defendant's decision to subject Plaintiff to disparate treatment during her employment.

86. Lozada and Guillen at all times relevant to this action, acted on behalf of Defendant and acted within the scope of their duties.

87. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

88. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Lozada and Guillen and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

89. Plaintiff re-avers and re-states paragraphs 1–43, above, as though the same were fully re-written herein, and says:

90. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her national origin, Cuban.

91. Plaintiff is a member of a protected class because, though she is Hispanic, the terms and conditions of her employment were altered because she was not of the same National Origin as Guillen and Lozada.

92. Guillen, with apparent authority from Defendant, terminated Plaintiff though Plaintiff was never disciplined or otherwise advised of deficiencies.

93. Further, Guillan and Lozada frequently spoke negatively about Cubans having poor work ethic.

94.   Plaintiff's, her national origin was, at minimum a motivating factor for Defendant's decision to subject Plaintiff to disparate treatment as alleged.

95.   Defendant did not treat other non-Cubans in this manner.

96.   Ms. , Guillan and Lozada at all times relevant to this action, acted on behalf of Defendant, and acted within the scope of their duties.

97.   Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

98.   Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of , Guillan and Lozada, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff  requests that:

A.   The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B.   The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT VII**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(RETALIATION)**

99. Plaintiff incorporates herein the allegations contained in paragraphs 1–43, inclusive, as though same were fully re-written, and says:

100. Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment.

101. Plaintiff complained to Defendant's Human Resources and her supervisor as set forth above, about the disparate treatment to which she was subjected by Guillan and Lozada, including the denial of her vacation time and the decision to terminate Plaintiff.

102. After her complaint, Defendant failed to investigate Plaintiff's complaint and terminated her.

103. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

104. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Guillan and Lozada and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

105. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

106. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, was a motivating factor in the decision for the adverse employment action(s).

16

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

107. Plaintiff re-alleges and re-avers paragraphs 1-43 as though full set forth herein.

108. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

109. Plaintiff made several complaints of disparate treatment from Guillan and Lozada.

110. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FCRA.

111. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

112. Specifically, only after Plaintiff made a formal complaint, Defendant terminated Plaintiff.

113. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

114. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

115. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of , Guillan and Lozada and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

116. Defendant's alleged reason(s) for subjecting Plaintiff to disparate treatment (if any) are pretextual as described above.

117. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, was a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay,

benefits' adjustment,    and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B.  The Court award punitive damages as permitted under the law;

C.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with  reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.


**COUNT IX**
**FLSA RETALIATION**

118.  Plaintiff, re-alleges and reaffirms paragraphs 1 through 43 and  as if fully set forth herein.

119.  29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

120.  Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

121.  The motivating factor that caused Defendant's disparate treatment of Plaintiff as described above was Plaintiff's complaint for payment of her earned wages.

122.  Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has

been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

    C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

    D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT X</u>
### UNLAWFUL TERMINATION UNDER THE FFCRA

123. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-43 of this complaint as if set out in full herein.

124. At all times pertinent hereto, Defendant, was covered by the Act, because it was engaged in commerce or in an industry or activity affecting commerce who employed fewer than 500 employees, prior to the time period in which Plaintiff sought leave under the Act.

125. At all times material hereto, Plaintiff was an eligible employee entitled to leave under the Act, based on the fact that she (a) took leave due to a bona fide need to care for her child and (b) was employed by Defendant for at least 30 calendar days prior to seeking to exercise her right to FFCRA leave.

126. Defendant unlawfully discharged Plaintiff based upon Plaintiff's exercise of her rights under the FFCRA by terminating her for taking her protected FFCRA sick leave during the COVID-19 global pandemic, and further unlawfully discriminated Plaintiff for same.

127. At all times material hereto, Plaintiff was protected from unlawful discharge, discipline, or any other discriminatory manner taken against her under the Act.

128. As a result of Defendant's violation of the FFCRA, Defendant is considered to be in violation of the retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).

129. As a result of Defendant's willful violation of the FFCRA, Defendant is subject to the penalties under the FLSA, 29 U.S.C. § 216(b).

130. As a direct and proximate result of Defendant's willful conduct, Plaintiff has suffered loss of back pay, loss of future pay, loss of reputation in the community, and has been otherwise damaged in an amount to be proven at trial.

131. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to recover reinstatement to his prior position and/or recovery of lost future wages, recovery of her lost back wages to date, and an additional equal amount of lost wages in liquidated damages.

132. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned and is obligated to pay it a reasonable fee. Pursuant to the Act, Plaintiff is entitled to recover her reasonable attorneys' fees and costs against Defendant.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A.     Actual damages as a result of Defendant's discriminatory actions;

B.     Declaring that Defendant has violated the FFCRA;

C.     Declaring that Defendant has violated the retaliation provision of 29 U.S.C. § 215(a)(3).

D.      Punitive damages due to Defendant's willful behavior;

E.      Compensatory damages;

F.      Injunctive relief where feasible;

G.      Attorney's fees;

H.      Costs of this action; and

I.      Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff MILAGROSA MARIA RODRIGUEZ PALOMERA demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 24, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com